CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/13/2019
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

JANET JENKINS, *ET AL.*,

    *Plaintiffs*,

v.

KENNETH L. MILLER, *ET AL.*,

    *Defendants*.

CASE NO. 6:18-cv-00078

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

This matter is before the Court upon (1) Defendant Liberty University, Inc.'s motion to dismiss, (dkt. 27); (2) Defendants Liberty Counsel, Inc., Mathew Staver, and Rena Lindevaldsen's ("Liberty Counsel Defendants") motion to dismiss, (dkt. 38); (3) Defendant Timothy Miller's motion to dismiss, (dkt. 40); (4) Defendant Linda Wall's motion to dismiss, (dkt. 63); and (5) Plaintiff Janet Jenkins's (appearing on her own behalf and as the next friend of her daughter, Isabella Miller-Jenkins) motion to stay, (dkt. 52).

The Court finds that Plaintiff has engaged in claim splitting by filing this suit while another essentially identical action remains pending in the District of Vermont. Accordingly, the Court will grant Defendants' motions to dismiss, deny Plaintiff's motion to stay, and strike this case from the Court's active docket.

## I. FACTS AS ALLEGED & PROCEDURAL HISTORY

Plaintiff Janet Jenkins and Defendant Lisa Ann Miller entered into a civil union in Vermont in or before 2002, at which point their daughter, Isabella Miller-Jenkins, was born. (Dkt. 1 ¶ 20 ("Complaint")). In 2003, when Isabella was 17 months old, Miller moved to Virginia, renounced homosexuality, and began to deny court-ordered parent-child contact between Isabella and Jenkins. (*Id*. ¶ 21). Miller was found in contempt of Vermont court orders

(which Virginia courts registered and enforced) beginning in 2004. (*Id*.). On November 20, 2009, a Vermont family court ordered Isabella's transfer to Jenkins on January 1, 2010. (*Id*. ¶ 22). Jenkins alleges that Miller, with Defendants' aid, had already fled with Isabella to Nicaragua on or about September 21, 2009 in anticipation of this order. (*Id*. at 2). Isabella has been listed as missing by the National Center for Missing and Exploited Children since January 2010. (*Id*.). Jenkins (in her personal capacity and as next friend of Isabella) alleges that Defendants participated in a conspiracy to kidnap Isabella to interfere with Vermont court orders granting Jenkins custody over Isabella and to violate Jenkins's and Isabella's civil rights, in part because of Defendants' alleged animus toward Jenkins's sexual orientation.

On August 14, 2012, Jenkins filed suit against Defendants in the District of Vermont. (*Id*. ¶ 70). The complaint in that action, (*see* dkt. 28-1), includes two claims.[1] In Count One, Plaintiff alleges the intentional tort of kidnapping under Vermont law. In Count Two, Plaintiff alleges a conspiracy to violate her and Isabella's civil rights under 42 U.S.C. § 1985(3). After a stay of the case pending the criminal trial of Defendant Philip Zodhiates, the District of Vermont granted Defendant Staver's motion to dismiss for lack of personal jurisdiction and granted Liberty University's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Complaint ¶¶ 72, 74). Neither order has been certified as final under Fed. R. Civ. P. 54(b), and both remain subject to revision by the District of Vermont or appeal. Defendant Timothy Miller has a motion to

---

[1] When considering arguments that a plaintiff has engaged in claim splitting, "a court may take judicial notice of [undisputed] facts from a prior judicial proceeding." *Hinkle v. Continental Motors, Inc*., No. 9:16-3707-RMG, 2017 WL 4583559, at *2 (D. S.C. Oct. 12, 2017) (citing *Kashyap, LLC v. Nat. Wellness, USA, Inc*., No. DKC 11-0459, 2011 WL 2462192, at *3 (D. Md. June 16, 2011)). Plaintiff does not dispute the contents of the Vermont complaint and has not objected to Liberty University's citation of the Vermont complaint. (Dkt. 28-1). Moreover, Plaintiff references the Vermont litigation and complaint in the Virginia complaint, and concedes that the Vermont action involves the same parties and the same claims. (*See, e.g.*, dkt. 33 at 2). Accordingly, the Court will take judicial notice of the complaint in the Vermont action.

dismiss for lack of personal jurisdiction currently pending before the District of Vermont. The District of Vermont has denied all other defendants' motions to dismiss. (*Id.* ¶ 74). Discovery remains underway in the Vermont action.

Plaintiff filed an essentially identical action in this Court on September 21, 2018. The complaint includes three counts. In Count One, Plaintiff alleges tortious interference with parental rights against all defendants "under Vermont and Virginia law." (*Id.* ¶ 75). In Count Two, Plaintiff alleges the intentional tort of abduction by kidnapping under both Vermont and Virginia law against all defendants. (*Id.* ¶ 78). In Count Three, Plaintiff alleges a conspiracy to violate civil rights under 42 U.S.C. § 1985(3), asserting that Defendants conspired to violate the civil rights of Jenkins and Isabella "based on class-based, invidiously discriminatory animus against same-sex couples" and against "Jenkins due to her sexual orientation." (*Id.* ¶ 82).

Several defendants have not yet responded to the complaint. On January 3, 2019, the Court extended the period of service of Defendant Lisa Ann Miller, who apparently remains at large in Nicaragua, until a reasonable time after her return to the United States or until such time as her whereabouts are otherwise known so as to allow service under Fed. R. Civ. P. 4(f). (Dkt. 31). In that same order, the Court extended the time for Defendants Philip Zodhiates, Response Unlimited, Inc., and Victoria Hyden to respond to the complaint to June 14, 2019. (*Id.*).

## II. ANALYSIS

Defendants move to dismiss on multiple grounds, including an argument that Jenkins has engaged in claim splitting by filing an action in this Court while an essentially identical action remains pending in the District of Vermont.[2]

---

[2] Defendant Timothy Miller did not move to dismiss Jenkins's claims against him on claim-splitting grounds, moving instead to dismiss under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and

– 3 –

"It is undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit." *Chihota v. Fulton, Friedman & Gullace, LLP*, No. WDQ-12-0975, 2012 WL 6086860, at *2 (D. Md. Dec. 5, 2012) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F.Supp.2d 621, 626 (D. Md. 2006), *aff'd in relevant part*, 273 F. App'x 256, 264–66 (4th Cir. 2008)). *See also Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207, n.6 (4th Cir. 2006) (noting same); *Couch v. Jabe*, No. 7:09-cv-00434, 2010 WL 1416730, at *1 (W.D. Va. Apr. 8, 2010) (noting same and quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). "As between two federal district courts, the general rule is that duplicative litigation should be avoided." *Great Am. Ins. Co.*, 468 F.3d at 206 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting same)).

"The principles behind the claim-splitting doctrine, like those behind *res judicata,* are to foster judicial economy, to protect parties from vexatious and expensive litigation, and to prevent piecemeal litigation." *Superior Performers, Inc. v. Family First Life, LLC*, No. 1:14-cv-382, 2015 WL 471389, at *4 (M.D. N.C. Feb. 4, 2015). The doctrine also aims to avoid a situation where "identical issues" are "determined in separate actions," creating "both confusion and inefficiency." *McNeely v. Soyoola*, No. 2:12-cv-8727, 2013 WL 3457731, at *4 (S.D. W.Va. July 9, 2013).

"In a claim splitting case, the second suit will be barred if the claim involves the same parties and 'arises out of the same transaction or series of transactions as the first claim.'"

---

12(b)(6). (Dkts. 40, 41). The Court will nonetheless dismiss the claims against Timothy Miller on claim-splitting grounds "[a]s part of its general power to administer its docket" by "dismiss[ing] a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993) (noting courts' "inherent power" to "dismiss actions").

*Sensormatic Sec. Corp.*, 273 F. App'x at 265 (quoting *Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)). *See also Bloch v. Executive Office of the President*, 164 F.Supp.3d 841, 854–55 (E.D. Va. 2016) (noting same); *Superior Performers, Inc.*, 2015 WL 471389, at *3 (noting same). Dismissal on claim-splitting grounds does not require a final judgment in the parallel action, as the doctrine of claim splitting "bars two suits that are *pending* at the same time." *Id*. at *4 (emphasis added).

"[A] court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it," or, if possible, "consolidate the two actions." *Couch*, 2010 WL 1416730, at *1 (quoting *Ridge Gold Std. Liquors, Inc. v. Joseph E. Seagram & Son*, 572 F.Supp. 1210, 1213 (N.D. Ill. Oct. 17, 1983)). "Dismissal of a duplicative lawsuit 'foster[s] judicial economy' and the 'comprehensive disposition of litigation.'" *Chihota*, 2012 WL 6086860, at *2 (quoting *Curtis*, 226 F.3d at 138)).

The present action plainly constitutes an instance of claim splitting. As to whether this action "involves the same parties" as the Vermont action, *Bloch*, 164 F. Supp. 3d at 854–55, Plaintiff concedes that it does. (*See, e.g.,* dkt. 53 at 1–2 ("Plaintiffs filed a similar action against the same defendants . . . in the [District of Vermont]."); dkt. 33 at 2 (conceding that "the claims and parties in both litigations are the same"); Complaint ¶ 2 ("A similar action is pending [in Vermont] . . . brought by the same plaintiffs against these defendants.")).

With respect to whether this action "arises out of the same transaction or series of transactions" underlying the Vermont action, *Bloch*, 164 F. Supp. 3d at 854–55, it plainly does, as both suits stem from the same alleged conspiracy to kidnap Isabella and violate both Isabella and Jenkins's civil rights. Although the complaint in the present action differs slightly from the complaint in the Vermont action in that Plaintiff added a tortious interference with parental rights

claim here, the District of Vermont accepted Plaintiff's framing of her kidnapping claim in the Vermont action as a cause of action "not only" for "[the] intentional tort of kidnapping but" also for "tortious interference with parental rights." *Jenkins v. Miller*, 983 F.Supp.2d 423, 451–52 (D. Vt. 2013). Moreover, Plaintiff concedes that this case involves "the same claims" as the Vermont action. (Dkt. 53 at 1, 4; *see also* dkt. 33 at 2).

Plaintiff contends that this action does not constitute claim splitting because they do not intend to actively litigate this action while the Vermont suit remains pending. (Dkt. 33 at 2–3). Rather, Plaintiff argues that the present suit is a "protective action" filed to ensure compliance with the Virginia statute of limitations "in the unlikely event that an appellate court reverses the assertion of personal jurisdiction over some or all of the defendants by the Vermont court." (Dkt. 53 at 1). But Plaintiff cites no legal authority for the proposition that a litigant who files two duplicative actions in different federal district courts can avoid dismissal on claim-splitting grounds simply by labeling the second action a "protective action" or declining to actively pursue the second action.

Plaintiff argues that a stay of this action pending resolution of the Vermont litigation would be more appropriate than dismissal. Although staying a duplicative federal action is one manner of addressing claim splitting, *see Couch*, 2010 WL 1416730, at *1, the Court finds that dismissal of this action without prejudice is the best way to conserve judicial resources and mitigate the prejudice to Defendants of simultaneously defending two duplicative federal actions. The prejudice Plaintiff contends she will experience if the Court dismisses this action without prejudice—namely, that some of "Plaintiffs' claims could become time-barred if an appellate court finds that personal jurisdiction over one or more defendants was not appropriate in Vermont"—is entirely speculative. (Dkt. 69 at 6). Accordingly, the Court will exercise its

discretion to dismiss this action without prejudice rather than stay it pending resolution of the Vermont action.[3] *See Curtis*, 226 F.3d at 138–39 (noting that "dismissal of the second suit" is a "common disposition" upon a finding of claim splitting because "plaintiffs have no right to maintain two actions on the same subject . . . against the same defendant at the same time").

### III. CONCLUSION

For foregoing reasons,[4] Defendants' motions to dismiss will be granted, Plaintiff's motion to stay will be denied, Plaintiff's claims will be dismissed without prejudice, and this case will be stricken from the Court's active docket.

An appropriate order will issue.

Entered this __13th__ day of June, 2019.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Although Defendant Liberty University, Inc. has been dismissed from the Vermont action on Rule 12(b)(6) grounds, and Defendant Staver has been dismissed from the Vermont action for lack of personal jurisdiction, neither of these procedural details alters the Court's calculus as to these defendants because those dismissals have not been certified as final under Fed. R. Civ. P. 54(b) and thus remain subject to revision by the District of Vermont or appeal. (*See* Complaint ¶ 74). In this sense, Liberty University and Staver remain pending in the Vermont action such that the duplicative claims against them in this action are appropriately dismissed on claim-splitting grounds.

[4] Since the Court will dismiss this action on claim-splitting grounds, the Court declines to address Defendants' other arguments in favor of dismissal under Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).